**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 6, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KEVIN TYLER FOSTER,
a/k/a Kevin Taylor Foster,

    Defendant - Appellant.

No. 22-5081
(D.C. No. 4:21-CR-00118-CVE-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **EBEL**, and **KELLY**, Circuit Judges.
_____

Kevin Tyler Foster pleaded guilty to second-degree murder in Indian Country. The district court sentenced him to a prison term of 540 months (45 years), which was the agreed-upon sentence in Foster's Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement. He now appeals despite the appeal waiver in his plea agreement, and the government moves to enforce that waiver, as permitted by *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc).

Foster's counsel filed a response to the government's motion, stating she engaged in a "full consideration of the record" and concluded "that opposition to the

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Motion would be frivolous." Resp. at 1; *see also* 10th Cir. R. 46.4(B) (governing such responses). The court therefore allowed Foster to file a pro se response, *see id.*, which he did.

Our first question when faced with a motion to enforce an appeal waiver is "whether the disputed appeal falls within the scope of the waiver." *Hahn*, 359 F.3d at 1325. Here, the only exception to the appeal waiver is "a sentence that exceeds the statutory maximum." Mot. to Enforce Appellate Waiver, Attach. 1 (Plea Agreement) at 3. The statutory maximum for second-degree murder is life imprisonment. *See* 18 U.S.C. § 1111(b). Obviously, 540 months does not exceed that. We find, therefore, that this appeal does not escape the scope of the waiver.

We next ask "whether the defendant knowingly and voluntarily waived his appellate rights." *Hahn*, 359 F.3d at 1325. This requires us to examine (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily," and (2) whether there was "an adequate Federal Rule of Criminal Procedure 11 colloquy." *Id.*

The language of the plea agreement contains the required statement. *See* Plea Agreement at 3. Moreover, after setting out the scope of the appellate waiver, the agreement further states "that counsel has explained [the defendant's] appellate . . . rights; . . . and . . . the defendant knowingly and voluntarily waives those rights as set forth above." *Id.* at 4. The agreement then requires a signature specifically affirming this statement, and Foster signed. *Id.*

2

The Rule 11 colloquy was also adequate.  The district court confirmed Foster's

ability to understand the plea agreement and the current proceedings (indeed, Foster

possesses a master's degree).  And, specifically as to the appeal waiver, the district

court had the following exchange with Foster:

> THE COURT: . . . [T]he plea agreement in your case contains an extensive waiver of appellate and post-conviction rights.  Did you read that provision?
>
> THE DEFENDANT: I did.
>
> THE COURT: And let me summarize it here because there are important rights that you'll be giving up.  The plea agreement provides that you're waiving the right to directly appeal your conviction and sentence, except a right to appeal from a sentence that exceeds the statutory maximum, which is not going to happen in this case given the statutory maximum is life imprisonment.  You're also—so you're waiving your right to appeal your conviction.  Do you understand?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: . . . Do you understand that by entering into this plea agreement and entering your—your plea of guilty today, that you'll be giving up and limiting your rights to appeal and collaterally attack your conviction and sentence?
>
> THE DEFENDANT: I do.

Mot. to Enforce Appellate Waiver, Attach. 2 at 13.

Foster claims in his pro se response that, "[w]hile I may [have] signed that

[referring to his appeal waiver] my attorney didn't advise me I was doing this.

I would [have] never agreed to a plea agreement that did so."  Letter dated Feb. 1,

2023, at 1.  He therefore appears to argue that he did not knowingly agree to the

appeal waiver.  In light of the overwhelming evidence recounted above, we reject this claim.  We find that the waiver was knowing and voluntary.

Finally, we ask "whether enforcing the waiver would result in a miscarriage of justice."  *Hahn*, 359 F.3d at 1325.  We have reviewed the record and can locate no latent argument that might satisfy this high standard.

In sum, we find this appeal falls within Foster's appeal waiver and no other *Hahn* factor counsels against enforcement of the waiver.  We therefore grant the government's motion to enforce the waiver and dismiss this appeal.

Entered for the Court
Per Curiam
